## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **DANITA MAUREEN MILLS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 15-1302-JWL** |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding the Administrative Law Judge (ALJ) erroneously discounted the treating source opinion of Dr. Salone, the court ORDERS that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this decision.

## I.    Background

Plaintiff applied for DIB, alleging disability beginning January 1, 2009. (R. 18, 188). Apparently based upon a request made at the hearing by Plaintiff's counsel, the decision states that January 11, 2011 is Plaintiff's alleged onset date. (R. 20, 45).

However, later in the hearing there was another discussion regarding onset date, and it appears Plaintiff's counsel once again requested to amend the onset date to January 25, 2011, which the ALJ "noted." (R. 81-82). Plaintiff does not claim error in the ALJ's decision regarding onset date, and the court will not address that ambiguity except to note that if necessary Plaintiff may make arguments in that regard on remand. Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. She argues that the ALJ erred at step three of his consideration in finding that Listing 1.04A is not met or equaled, and thereafter in weighing the medical opinions and the credibility of Plaintiff's allegations of symptoms.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

2

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC).  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

3

The Commissioner next evaluates steps four and five of the sequential process--determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds remand is necessary because the ALJ erroneously discounted the treating source opinion of Dr. Salone.  Plaintiff may make her arguments regarding credibility on remand.  Although a step three finding that a claimant meets or equals a Listing compels a finding of disability regardless of later errors in the decision, Plaintiff's step three arguments regarding Listing 1.04A will not change the outcome here because that Listing requires the simultaneous presence of all its criteria, and Plaintiff does not point to such evidence in this case.  Atkins v. Colvin, Civ. A. No. 15-1168-JWL, 2016 WL 2989393, *6-12 (D. Kan. May 24, 2016) (decided after the parties filed their briefs in this case).

**II.     Discussion**

4

Plaintiff claims the ALJ erred in evaluating the medical opinions.  (Pl. Br. 3-10).
Specifically, she argues that the ALJ erred in evaluating the treating source opinion of Dr.
Salone because the fact the opinion was prepared in anticipation of a workers'
compensation claim is not a basis to discount the opinion, and the ALJ did not explain
how she determined additional breaks were not necessary despite Dr. Salone's contrary
opinion.  Id. at 3-4.  She argues that the ALJ did not consider whether Dr. Salone's
opinion was worthy of controlling weight, ignored the deference of which a treating
source opinion is generally worthy, and failed to consider the regulatory factors by which
a medical opinion is to be evaluated.  Id. at 5-6.

Plaintiff also argues that the ALJ erred in evaluating the nontreating source
opinion of Dr. DeGrandis, the psychologist who performed a consultative examination of
Plaintiff at the request of the agency and prepared a report of that examination.  She
argues that the ALJ failed to acknowledge that a nontreating source opinion (Dr.
DeGrandis) is generally worthy of greater weight than the opinion of a nonexamining
source (Dr. Blum), failed to apply the regulatory factors in weighing Dr. DeGrandis's
opinion, and failed to support the finding of vagueness in the doctor's opinion regarding
difficulty with persistence and pace.  Id. at 6-7.

Finally, Plaintiff argues the ALJ erred in evaluating the opinion of Dr. Blum, the
state agency psychological consultant who reviewed the record and opined regarding
Plaintiff's mental abilities and limitations.  Id. at 7-9.  She argues that the ALJ failed to
apply the correct legal standard in weighing Dr. Blum's opinion, asserting that

5

"[c]onclusory opinions of [nonexamining] doctors cannot outweigh credible evidence provided by a claimant's treating physician."  (Pl. Br. 8) (citing Harris v. Sec'y of Health and Human Servs., 821 F.2d 541, 544 (10th Cir. 1987)).  She argues that Dr. Blum misstated Dr. DeGrandis's opinion and the ALJ accepted that misstatement.  Id.

The Commissioner argues that the ALJ properly evaluated Dr. Salone's and Dr. DeGrandis's opinions.  (Comm'r Br. 8-11).  She argues that the ALJ provided good reasons based on record evidence for discounting Dr. Salone's opinion, and even if she erred in discounting the opinion because it was prepared in connection with a workers' compensation claim, the ALJ provided other reasons to discount the opinion.  Id. at 8-9. She admits that the ALJ did not state she was not giving Dr. Salone's opinion controlling weight, but argues that fact is implicit in discounting the opinion.  Id. at 10.  She implies without specifically arguing that the ALJ properly discounted Dr. DeGrandis's opinion because it was vague and inconsistent with Dr. DeGrandis's finding of good mental functioning.  Id.  She points to Dr. Blum's finding that Dr. DeGrandis's opinion was not consistent with other evidence as another basis to discount the opinions, and argues that rather than misstating Dr. DeGrandis's opinion, Dr. Blum expressly rejected it.  Id. at 11.

### A.    Standard for Evaluating Medical Opinions

"Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s) including [claimant's] symptoms, diagnosis and prognosis." 20 C.F.R. § 404.1527(a)(2).  Such opinions may not be ignored and, unless a treating

source[1] opinion is given controlling weight, <u>all</u> medical opinions will be evaluated by the Commissioner in accordance with factors contained in the regulations. <u>Id.</u> § 404.1527(c); Soc. Sec. Ruling (SSR) 96-5p, West's Soc. Sec. Reporting Serv., Rulings 123-24 (Supp. 2016). A physician or psychologist who has treated a patient frequently over an extended period of time (a treating source) is expected to have greater insight into the patient's medical condition, and his opinion is generally entitled to "particular weight." <u>Doyal v. Barnhart</u>, 331 F.3d 758, 762 (10th Cir. 2003). But, "the opinion of [a nontreating source] physician who only saw the claimant once is not entitled to the sort of deferential treatment accorded to a treating physician's opinion." <u>Id.</u> at 763 (citing <u>Reid v. Chater</u>, 71 F.3d 372, 374 (10th Cir. 1995)). However, opinions of nontreating sources are generally given more weight than the opinions of nonexamining sources who have merely reviewed the medical record. <u>Robinson v. Barnhart</u>, 366 F.3d 1078, 1084 (10th Cir. 2004); <u>Talbot v. Heckler</u>, 814 F.2d 1456, 1463 (10th Cir. 1987) (citing <u>Broadbent v. Harris</u>, 698 F.2d 407, 412 (10th Cir. 1983), <u>Whitney v. Schweiker</u>, 695 F.2d 784, 789 (7th Cir. 1982), and <u>Wier ex rel. Wier v. Heckler</u>, 734 F.2d 955, 963 (3d Cir. 1984)).

---

[1]The regulations define three types of "acceptable medical sources:"

"Treating source:" an "acceptable medical source" who has provided the claimant with medical treatment or evaluation in an ongoing treatment relationship. 20 C.F.R. § 404.1502.

"Nontreating source:" an "acceptable medical source" who has examined the claimant, but never had a treatment relationship. <u>Id.</u>

"Nonexamining source:" an "acceptable medical source" who has not examined the claimant, but provides a medical opinion. <u>Id.</u>

"If [the Commissioner] find[s] that a treating source's opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s) [(1)] is well-supported by medically acceptable clinical and laboratory diagnostic techniques and [(2)] is not inconsistent with the other substantial evidence in [claimant's] case record, [the Commissioner] will give it controlling weight."  20 C.F.R. § 404.1527(c)(2); see also, SSR 96-2p, West's Soc. Sec. Reporting Serv., Rulings 111-15 (Supp. 2016) ("Giving Controlling Weight to Treating Source Medical Opinions").

The Tenth Circuit has explained the nature of the inquiry regarding a treating source's medical opinion.  Watkins v. Barnhart, 350 F.3d 1297, 1300-01 (10th Cir. 2003) (citing SSR 96-2p).  The ALJ first determines "whether the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques.'"  Id. at 1300 (quoting SSR 96-2p).  If the opinion is well-supported, the ALJ must confirm that the opinion is also consistent with other substantial evidence in the record.  Id.  "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight."  Id.

If the treating source opinion is not given controlling weight, the inquiry does not end.  Id.  A treating source opinion is "still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527."  Id.  Those factors are: (1) length of treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a

whole; (5) whether or not the physician is a specialist in the area upon which an opinion

is rendered; and (6) other factors brought to the ALJ's attention which tend to support or

contradict the opinion.  Id. at 1301; 20 C.F.R. § 404.1527(c)(2-6); see also Drapeau v.

Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001) (citing Goatcher v. Dep't of Health &

Human Servs., 52 F.3d 288, 290 (10th Cir. 1995)).  However, the court will not insist on a

factor-by-factor analysis so long as the "ALJ's decision [is] 'sufficiently specific to make

clear to any subsequent reviewers the weight the adjudicator gave to the treating source's

medical opinion and the reasons for that weight.'" Oldham v. Astrue, 509 F.3d 1254,

1258 (10th Cir. 2007) (quoting Watkins, 350 F.3d at 1300).

     After considering the regulatory factors, the ALJ must give reasons in the decision

for the weight she gives the opinion.  Id. 350 F.3d at 1301.  "Finally, if the ALJ rejects the

opinion completely, [s]he must then give 'specific, legitimate reasons' for doing so."  Id.

(citing Miller v. Chater, 99 F.3d 972, 976 (10th Cir. 1996) (quoting Frey v. Bowen, 816

F.2d 508, 513 (10th Cir. 1987)).

    **B.**    **The ALJ's Findings**

     The ALJ assigned weight to the opinions of seven physicians and psychologists

and discounted the global assessment of functioning (GAF) scores appearing in the

record.  (R. 26-28).  She noted that Dr. Henry was a physician who had treated Plaintiff

and provided distinct opinions regarding Plaintiff's limitations in 2009, 2010, and 2011.

(R. 26).  She accorded little weight to his opinions precluding work through August 2011,

but moderate weight to the sedentary limitations opined after August 2011, finding that

his opinion accounted for Plaintiff's limited range of motion in her back, but did "not adequately consider the claimant's limitations to ambulation and standing resulting from neck pain." Id. at 27. She recognized that Dr. Salone was a treating physician, but accorded little weight to her opinions "as they were prepared in anticipation of a workers' compensation claim," and because Dr. Salone's opinions regarding inability to work in July 2011 and a need for two additional work breaks each day were not supported by the record. Id.

The ALJ recognized that Dr. Estivo was a treating physician, but accorded little weight to his opinions because although they were supported by the medical record, they "predate the claimant's alleged onset date." Id. Dr. Bailey was a non-treating physician who prepared a report of his examination in August 2011 and assessed a twenty percent or greater permanent partial impairment in Plaintiff's workers' compensation case. The ALJ accorded little weight to Dr. Bailey's opinion because "it was given for purposes of a workers' compensation claim and is of little relevance to this [Social Security disability] determination." Id. As Plaintiff suggests in her Brief, the ALJ accorded little weight to Dr. DeGrandis's opinion "based on its vagueness and upon the claimant's demonstration of good mental functioning during the examination." Id.

The ALJ accorded moderate weight to the opinion of Dr. Tawadros, a state agency medical consultant who reviewed the medical evidence and opined regarding Plaintiff's physical limitations, finding that Dr. Tawadros's limitations regarding Plaintiff's spine were appropriate, but that Plaintiff's "cervical limitations would limit her to a more

10

restrictive range of sedentary work." Id. at 28.  She acknowledged the state agency

psychological consultants' opinions, noting that Dr. Adams opined Plaintiff had no severe

mental impairments whereas Dr. Blum opined that Plaintiff "had moderate mental

limitations but could perform simple to intermediate tasks." Id.  He accorded great

weight to both opinions, "more so to that of Dr. Blum, given the consultative examiner's

[(Dr. DeGrandis's)] finding of limited persistence and pace." Id.  Finally, the ALJ

accorded little weight to the GAF scores because "they are merely a snapshot into the

claimant's mental abilities on any given day and are based largely upon the claimant's

subjective reports of daily activities." Id.

### C.    Analysis

Considering the ALJ's evaluation of the medical opinion evidence as a whole, the

court notes that there is regulatory and evidentiary support for much of the ALJ's

evaluation, and much of Plaintiff's argument is based merely on a different view of the

evidence and seeks to have the court reweigh the evidence and substitute its judgment for

that of the Commissioner, a proposal it is without authority to follow. E.g., Bowman, 511

F.3d at 1272; Hackett, 395 F.3d at 1172.  Nevertheless, the decision is lacking in two

respects, and thereby leaves the court unable to ascertain the precise weight the ALJ gave

to the treating source's medical opinion and (more importantly) the reasons for that

weight.  Because of these failures, it appears the ALJ may have merely picked through

the medical opinions, choosing those which agreed with her decision and rejecting those

which did not.  That is prohibited.  Hardman v. Barnhart, 362 F.3d 676, 681 (10th Cir.

2004).  Therefore remand is necessary for a proper explanation.

 First, the court is unable to understand how the ALJ was able to accord "great

weight" both to Dr. Adams's opinion that Plaintiff's mental impairments are not severe

(do not have more than a minimal effect on her ability to perform basic work activities)

and Dr. Blum's opinion that they are.  In reality, the ALJ simply rejected Dr. Adams's

opinion in every respect in which it differed from that of Dr. Blum.  However, because

she purported to accord great weight to both opinions, the court is left to wonder whether

she really considered her rationale in weighing them.

 The court is similarly confused regarding the ALJ's weighing of Dr. Salone's

treating source opinion.  As noted above, she provided only two bases to discount the

opinion--it was prepared in anticipation of a workers' compensation claim, and the record

does not support the requirement for additional breaks or the inability to work in July

2011.  While the court might find that Dr. Salone did not point to evidence supporting the

need for additional breaks, the Commissioner does not even attempt to justify the

proposition that Dr. Salone's opinion is inadequate because it was prepared in

anticipation of a workers' compensation claim.  Long ago, the Tenth Circuit determined

that it is error to assume "that a family doctor 'naturally advocates for h[er] patient's

cause.'" Frey v. Bowen, 816 F.2d 508, 515 (10th Cir. 1987).  Thus, the decision is left

with one reason to justify substantially discounting the opinion of a treating physician.

And, as Plaintiff points out, although the ALJ acknowledged that Dr. Salone is a treating

12

physician, and although she stated that she had considered the "opinion evidence in accordance with the requirements of 20 C.F.R. [§] 404.1527 and SSRs 96-2p, 96-5p, 96-6p and 06-03p" (R. 23), there is no indication in the ALJ's discussion that she considered whether Dr. Salone's opinion might be worthy of controlling weight, that treating source opinions are generally worthy of deference, or that she had specifically considered the regulatory factors relevant to weighing a treating source opinion. And, although the ALJ acknowledged that she had considered three treating source opinions, other than giving a portion of Dr. Henry's opinion moderate weight only to the extent that it agreed with the RFC assessed, she accorded little weight to each treating source opinion. Remand is necessary for clarification, at least.

It might be argued that rather than considering the medical opinions to aid in assessing Plaintiff's RFC, the ALJ assessed an RFC and then decided the weight to accord the medical opinions based upon the RFC assessed. That is not the standard to be applied. The court does not intend hereby to imply that Dr. Salone's opinion must be accorded greater weight. Rather, it finds only that the ALJ's explanation of the weight accorded to Dr. Salone's opinion was unclear, erroneous, and insufficient, and calls into question her weighing of all of the medical opinions.

Plaintiff requests relief to the extent of "an outright award of benefits." (Pl. Br. 15). But, she presents no legal authority suggesting the appropriate bases for remand for an immediate award of benefits. For that reason alone, the court would be justified in not considering the argument. Wall, 561 F.3d at 1066 (issue presented without developed

13

argumentation is waived); <u>Franklin Sav. Corp. v. U.S.</u>, 180 F.3d 1124, 1128 n.6 (10th Cir.

1999) (arguments presented superficially are waived) (citing <u>Sports Racing Servs., Inc. v.</u>

<u>Sports Car Club of America, Inc.</u> 131 F.3d 874, 880 (10th Cir. 1997) (dismissing claims

never developed, with virtually no argument presented)).  And, although Plaintiff

suggests her condition meets or equals Listing 1.04A, as noted above she does not point

to evidence of the simultaneous presence of all Listing criteria at any time.  The court

finds that remand in accordance with the fourth sentence of 42 U.S.C. § 405(g) for proper

consideration of the medical opinions is the appropriate remedy in this case.

  **IT IS THEREFORE ORDERED** that the Commissioner's decision shall be

REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42

U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

  Dated this 31st day of October 2016, at Kansas City, Kansas.


        s:/ John W. Lungstrum    
        **John W. Lungstrum**
        **United States District Judge**