# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| D'ANITA M. MILLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 15-1302-JWL |
| ) | |
| ANDREW M. SAUL,[1] ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

This matter is before the court on a motion for approval of an attorney fee (Doc. 26) (Pl. Mot.) pursuant to the Social Security Act, 42 U.S.C. § 406(b). Plaintiff's motion is GRANTED IN PART, approving a fee in the amount of $15,705.00 pursuant to the Social Security Act.

**I.    Background**

Plaintiff filed a Complaint in this court on October 1, 2015, seeking judicial review of a decision of the Commissioner of the Social Security Administration. (Doc

---

[1] On June 17, 2019, Andrew M. Saul was sworn in as Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Mr. Saul is substituted for Acting Commissioner Carolyn W. Colvin as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

1).   On October 31, 2016 this court reversed the Commissioner's decision and remanded in accordance with sentence four of 42 U.S.C. § 405(g) for proper consideration of the record medical opinions.   (Doc. 22).   On remand, the Commissioner issued a fully favorable decision on October 15, 2018.   (Pl. Mot., Attach. 2).   Plaintiff now seeks award of attorney fees of $44,857.88 pursuant to § 206(b) of the Social Security Act. 42 U.S.C. § 406(b).

## II.     Legal Standard

The Social Security Act provides for the payment of an attorney fee out of the past due benefits awarded to a beneficiary.   42 U.S.C. § 406(b).   The court has discretion to approve such a fee.   McGraw v. Barnhart, 450 F.3d 493, 497-98 (10th Cir. 2006).   However, the court has an affirmative duty to allow only so much of the fee as is reasonable.   Gisbrecht v. Barnhart, 535 U.S. 789, 807-808 (2002); McGraw, 450 F.3d at 498; 42 U.S.C. § 406(b)(1)(A).

> (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment <u>a reasonable fee</u> for such representation, <u>not in excess of 25 percent</u> of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may,  . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A) (emphases added).

The Supreme Court, in Gisbrect determined that a contingency fee agreement within the twenty-five percent ceiling is allowed by § 406(b) of the Act, and that courts

2

may not use the "lodestar" method to establish a reasonable fee in such a case. Where there is a contingency-fee agreement between plaintiff and his attorney, the court is to look first to the agreement and then test the agreement for reasonableness. Gisbrecht, 535 U.S. at 807-08. In determining reasonableness, the Court suggested that courts should consider such factors as the character of representation, the results achieved, whether the attorney is responsible for any delay, and whether the benefits are large in comparison to the amount of time counsel spent on the case. Id. 535 U.S. at 808. The Court noted that the comparison of amount of benefits to time spent might be aided by submission of the plaintiff's attorney's billing record and normal hourly billing rate. Id.

The Tenth Circuit has explained the procedure used in applying Gisbrecht. Gordon v. Astrue, 361 F. App'x 933, 935–36 (10th Cir. 2010). It noted that the court is to look first to the fee agreement between the plaintiff and her counsel, and "the statute does require courts to serve 'as an independent check' by 'review[ing] for reasonableness fees yielded by those agreements.'" Id. at 935 (quoting Gisbrecht, 535 U.S. at 807-09). The court noted that the Court provided examples of proper reasons for reducing 406(b) fee requests:

> (1) when "the character of the representation and the results the representative achieved" were substandard; (2) when "the attorney is responsible for delay" that causes disability benefits to accrue "during the pendency of the case in court"; and (3) when "the benefits are large in comparison to the amount of time counsel spent on the case."

Id. (quoting Gisbrecht, 535 U.S. at 808). The court acknowledged six factors recognized by the Seventh Circuit before Gisbrecht was decided as potentially useful when making a

406(b) reasonableness determination—although it merely "assum[ed], without granting, that the district court had some obligation to" consider those factors. Id. (citing McGuire v. Sullivan, 873 F.2d 974, 983 (7th Cir. 1989) ("time and labor required; skill required; contingency of fee; amount involved and result attained; experience, reputation, and ability of attorney; and awards in similar cases."). The Tenth Circuit reviews "a district court's award of attorney's fees under § 406(b) for an abuse of discretion, see McGraw v. Barnhart, 450 F.3d 493, 505 (10th Cir.2006), and will reverse only if the district court's decision was 'based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment,'" Id. at 935 (quoting United States v. McComb, 519 F.3d 1049, 1054 (10th Cir. 2007)).

The court notes how courts in this district have performed the analysis in recent years. Russell v. Astrue, 509 F. App'x 695, 696–97 (10th Cir. 2013) (affirming an award of fees which represented an effective hourly rate of $422.92, midway between counsel's normal hourly rate of $275 and the effective hourly rate of the fee requested—$611); Kotchavar v. Comm'r of Soc. Sec. Admin., Civil Action No. 14-1333-KHV, 2018 WL 6077988, at *3 (D. Kan. Nov. 21, 2018) (awarding fee resulting in effective hourly rate of $400); Tacey v. Berryhill, Civil Action No. 15-9094-KHV, 2018 WL 3757620, at *3 (D. Kan. Aug. 8, 2018) (reducing award to effective hourly rate of $388.50); Williams v. Berryhill, Case No. 15-1255-SAC, 2018 WL 3609753, at *1 (D. Kan. July 27, 2018) (affirming fee request resulting in an effective rate of $286.99 and citing cases approving fee awards resulting in effective hourly rates ranging from $258.63 to $432.02); Boyer v.

Berryhill, No. 15-1054-SAC, 2018 WL 2971499, at *1 (D. Kan. June 12, 2018) (affirming fee request resulting in an effective rate of $400.07 and citing cases approving fee awards resulting in effective hourly rates ranging from $258.63 to $432.02); Schoonover v. Colvin, Case No. 12-1469-JAR, 2016 WL 7242512, at *2 (D. Kan. Dec. 15, 2016) (finding the requested effective hourly rate of $511.32 unjustifiably high and reducing award to result in hourly rate of $400); Duff v. Colvin, Case No. 13-CV-02466-DDC, 2016 WL 3917221, at *2 (D. Kan. July 20, 2016) (approving fees that represented an hourly rate of $358.50); Roland v. Colvin, No. 12-2257-SAC, 2014 WL 7363016, at *1 (D. Kan. Dec. 23, 2014) (approving fees at an effective hourly rate of $346.28); Bryant v. Colvin, No. 12-4059-SAC, 2014 WL 7359023, at *1 (D. Kan. Dec. 23, 2014) (approving fees at an effective hourly rate of $418.28); Smith v. Astrue, No. 04-2196-CM, 2008 WL 833490, at *3 (D. Kan. Mar. 26, 2008) (finding an effective hourly rate of $389.61 within the range of hourly rates in similar cases in this district).

**III.   Discussion**

Here, Plaintiff's attorney requests a fee award of the full 25 percent of Plaintiff's past due benefits, or $44,857.88.  He included a copy of the contingent fee agreement and another document signed by Plaintiff, in both of which she agreed to a fee of 25 percent of past due benefits.  (Pl. Mot., Attachs. 3, 4).  Counsel submitted a listing of the hours expended in prosecuting this case before this court showing 34.9 hours expended.  Id., Attach. 5.  Counsel asserted that he

> does not have a non-contingent hourly rate because almost 100% of this practice consists of Social Security and VA disability cases, which are handled on a contingent-fee basis.   Therefore, it is necessary to resort to marketing studies on non-contingent billing rates for other attorneys in the region.

(Pl. Mot. 5).   He asserts that the 43rd Annual Survey of Law Firm Economics, 2015 Edition, published by The National Law Journal and ALM Legal Intelligence at 136, as of January 1, 2015 shows a range of average billing rates for attorneys in the West South Central Region of the United States ranging from a low rate of $180 per hour, average rate of $370 per hour and the ninth decile rate of $517 per hour.   Id. (citing Attach. 6).

> Plaintiff's counsel asserts (without pinpoint citation to Gisbrecht),
>
> The class-based risk of loss is substantial using the statistics provided by the Supreme Court in Gisbrecht.   The Court noted that in Social Security cases, there is only about a 36% chance of winning.   Thus, to make up for the risk of non-payment, a contingency multiplier of 2.78 (100 ÷ 36) is warranted.   In order to equal the non-contingent market rate, attorneys must earn $2.78 in fees for every dollar spent on cases they win to make up the losses incurred for every dollar they spend in cases that they lose.

Id. at 4.   Counsel recognizes that an award of 25 percent of past due benefits would result in an effective hourly rate of $1,285.33 and argues that when "factored by 2.78, in order to reduce it to an equivalent hourly rate of non-contingent work," it is equal to an hourly rate of $462.35 for non-contingent work which is greater than the average attorney rate but less than the high attorney rate in the region.   Id. at 5-6.   Counsel argues that his skill, competence, expertise, and experience support awarding the full 25% of past due benefits in this case.   Id. at 6-7.

The Commissioner submitted a response to Plaintiff's Motion arguing, "the requested award appears 'large in comparison to the amount of time counsel spent on the case.'"  (Doc. 27, p.3) (Comm'r Resp.) (quoting Gisbrecht, 535 U.S. at 808).   He points out that Kansas is in the West North Central Region of the United States not the West South Central Region as suggested in Plaintiff's Motion and the average billing rate in this region is $296 per hour.   (Comm'r Resp. 4).   He argues that applying the multiplier of 2.78 as suggested by Plaintiff would result in an effective hourly rate of $822.88, more than $450 per hour less than the rate requested by Plaintiff.   Id.   He argues that "judges in the District of Kansas have awarded hourly rates for the purposes of a Section 406(b) ranging up to $450.00."   Id. (citing Potter v. Saul, No. 17-cv-4050-JWL, 2020 WL 584447, at *1 (D. Kan. Feb. 6, 2020) (awarding an effective hourly rate of $450.00); Kotchavar, 2018 WL 6077988 at *3; and Schoonover, 2016 WL 7242512 at *3).   He points out that an hourly rate of $822.88 would result in a fee award of $28,718.52 and an hourly rate of $450.00 would result in a fee award of $15,705.00 and asks the court to "use its sound discretion and seriously consider the reasonableness of the fee award requested by Plaintiff's attorney."   Id. at 5.

The court has considered both the Gisbecht and the McGuire factors and the arguments of counsel for the plaintiff and for the Commissioner and makes the following findings.   Plaintiff has not met her burden to prove that award of the full 25 percent of past due benefits is reasonable in the circumstances present here.   The court notes that counsel achieved a good result for Plaintiff in this case and the billing records submitted

reflect an intent to exercise sound billing judgment. However, counsel has not shown that Gisbrecht supports his arguments to the extent he suggests. Counsel did not provide a pinpoint citation to Gisbrecht for his assertion that the Court noted only a 36% chance of winning in Social Security cases, and this court's search of the Gisbrecht decision did not find such information. Moreover, had such information been presented in Gisbrecht, the court would want to know whether it is based on nationwide statistics and would expect it to be explained in terms of the "chance of winning" a Social Security case brought in the District of Kansas. Counsel did not provide such information.

The court recognizes that the contingent nature of the fee justifies a fee award which is higher than the normal hourly rate charged by practitioners when the claimant prevails to encourage practitioner to take such cases and to provide for cases which are not successful. However, the court is unaware of the criteria used by Social Security practitioners in general, and counsel in this case in particular, when deciding to appeal a Social Security decision to the district court. Therefore, it is not clear that even if 36% is the correct success rate of Social Security appeals in the federal courts (and it does not appear to this court that the success rate is that low in Kansas) that it would be proper to provide a contingency multiplier which would compensate for all Social Security appeals brought since counsel might then bring cases before the court regardless of merit.

Finally, without explanation or further justification, counsel suggests the court should use historic billing rates for its calculations from the West South Central Region of the United States where counsel's office is located rather than the West North Central

Region where this court is located and where the case was filed.  Finally, as the Commissioner cites in his Response Brief, this court recently awarded attorney fees pursuant to 42 U.S.C. § 406(b) at an effective hourly rate of $450.00 and noted that rate "is somewhat above the range of fees allowed by courts within this district as noted above."  Potter, 2020 WL 584447, at *1.

The court notes that an hourly rate of $450.00, the highest rate previously found reasonable in this court, when applied to the 34.9 hours expended by counsel in this case results in a fee award of $15,705.00.  This is an hourly rate more than one-and-a-half times the average hourly billing rate in 2015 for an equity partner/shareholder in the West North Central Region of the United States in which Kansas is located.  Counsel has not met his burden to show why a greater hourly rate or a greater multiplier is required.

**IT IS THEREFORE ORDERED** that pursuant to 42 U.S.C. § 406(b) the Commissioner be ordered to pay Plaintiff's counsel the sum of $15,705.00 from Plaintiff's past due benefits.  Because the amount awarded as an attorney fee under the EAJA was less than the amount awarded under the Social Security Act, the EAJA attorney fee award totaling $6,805.20, shall be refunded to plaintiff.

Dated May 20, 2020, at Kansas City, Kansas.


s:/ *John W. Lungstrum*
**John W. Lungstrum**
**United States District Judge**